Sloan *et al.* agt. Waring *et al.*

# SUPREME COURT.

### WILLIAM E. SLOAN *et al.* agt. EDMUND WARING *et al.*

*Creditor's action can only be sustained after having exhausted all legal reme-
dies — service by publication — when allowed.*

A court of equity does not intervene to enforce the payment of debts. It
is only after the creditor has exhausted all the means in his power at
law that he is entitled to the aid of a court of equity to discover and
apply the debtor's property to satisfy his claims.

A creditor at large has no *status* in a court of equity, and the right of a
judgment creditor depends upon the fact of his having exhausted his
legal remedies.

An allegation in the complaint that the plaintiffs had been unable to effect
service of a summons upon Waring, sr., and that he was keeping him-
self concealed out of the state to avoid service of summons, fails to
show that he was, at the time of the commencement of this action, a
non-resident of this state, having no property within this state, and
therefore under the Code and the rules of the court, not liable to be
served by publication or by substituted service.

Such an allegation brings the defendant within the second subdivision of
section 135 of the Code of Procedure, which provides for service by
publication.

*Special Term, February*, 1878.

EDMUND WARING and wife had separated, the wife living in
a house belonging to her husband, the husband living else-
where. The Messrs. Sloan sold carpets to Mrs. Waring and
sent a bill therefor to Mr. Edmund Waring. The Sloans
made inquiry elsewhere as to Waring's responsibility, but
made no inquiry of Waring. Waring denied that he was
liable for the purchase, and subsequent to this sale of carpets

to Mrs. Waring, Mr. Waring conveyed several houses and lots to his son, William E. Waring. The Messrs. Sloan brought suit against Waring and his son, setting forth the sale and delivery of the carpets, alleging that they had been unable to effect service of a summons upon Waring, Sen., and that he was keeping himself concealed out of the state to avoid service of summons, and prayed to have judgment for the amount of goods sold, and that the conveyance to Waring, jr., be set aside as fraudulent as to creditors. On the trial the plaintiffs having opened their case, defendant's counsel moved to dismiss the complaint as to both Waring, junior and senior; as to Waring, jr., as not stating facts sufficient to constitute a cause of action, and as to Waring, sr., as not being within equity jurisdiction.

*Edmund Coffin, Jr.*, for plaintiffs.

*Henry H. Anderson*, for defendants.

LAWRENCE, *J.* — The motion to dismiss the complaint in this action, as against William E. Waring and wife, must be granted. The plaintiffs are only creditors at large of the defendant Edmund Waring, conceding their allegations in respect to his alleged indebtedness to them to be true.

Nothing is better settled in this state than that a court of equity does not intervene to enforce the payment of debts, and that it is only after the creditor has exhausted all the means in his power, at law, that he is entitled to the aid of a court of equity to discover and apply the debtor's property to satisfy his claims. In the case of *Dunlevy* agt. *Tallmadge* (32 *N. Y.*, 457) the court held that a creditor at large has no status in equity, and that the right of a judgment creditor to relief depends upon the fact of his having exhausted his legal remedies without avail.

Judge WRIGHT, in delivering the opinion of the court says: " An execution must have issued on the judgment, and been

returned unsatisfied. This is essential to the jurisdiction of the court, though there can be nothing that can be reached by execution at law."

The case of *McCartney* agt. *Bostwick* (32 *N. Y.*, 57), upon which the plaintiff's counsel relies, is not in point, and the distinction between that case and the present is very clearly shown by judge PORTER, in his opinion in the former case. After stating the power of the court of chancery to grant relief in cases of fraud by enforcing the rights springing from mere trusts, whether created by will, by deed or by operation of law, the learned judge proceeds to state that "the right of the party who invokes the exercise of this anterior and general jurisdiction, depends on his establishing the relation of trustee and *cestui que trust*. The right of the judgment creditor to the ancillary aid of a court of equity depends on his compliance with the statutory condition which requires him first to exhaust his legal remedy. In one case the party has no remedy at law, in the other he has none in equity until his remedies at law are exhausted."

Chief justice CHURCH, in the case of *The Ocean National Bank* agt. *Olcott* (46 *N. Y.*, 20), in commenting upon the case of *McCartney* agt. *Bostwick*, after stating that in that case the plaintiff had prosecuted the defendant to judgment and execution in Minnesota, where he resided, and then commenced an action in this state to reach property which had been paid for by the debtor and transferred to his wife, proceeds to say : "I infer from the opinions that the court declined to decide whether, in such a case, it was necessary to exhaust the legal remedies. At all events, such is the most favorable construction of the case for the plaintiff. Again he says : "The case was decided upon the ground that the plaintiffs had exhausted all available legal remedies and that the court would entertain jurisdiction by virtue of its inherent equitable powers." The case of *McCartney* agt. *Bostwick*, therefore, instead of disturbing the general rule which is laid down in *Dunlevy* agt. *Tallmadge* (32 *N. Y.*, 461), and in the numerous cases which

that case followed (*see cases cited at pp.* 460 *and* 461) is, according to the construction placed upon it by the learned chief justice, entirely in harmony with that rule. Nor do I think that the plaintiffs show that Edmund Waring was, at the time this action was commenced, a non-resident of this state, having no property within this state, and therefore, under the Code and the rules of the court, not liable to be served by publication or by a substituted service. Section 135 of the Code of Procedure, which was in force at the time this action was commenced, provides "that where the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors or to avoid the service of a summons, or keeps himself concealed therein with like intent," he may be served by publication. The allegation in the complaint appears to me to bring the defendant Waring within this subdivision of section 135. It amounts, in substance, to an averment that Waring departed from this state, and concealed himself without the state, for the purpose of avoiding the service of a summons or other process. If I am right in this construction of the complaint the argument of the plaintiff's counsel, based upon the theory that the defendant has so acted that no judgment at law could be recovered against him, and that, therefore, the general equitable rule before adverted to should not be applied to this case, entirely fails. The action cannot, therefore, be sustained so far as it is to be regarded as an equitable suit to set aside the conveyances made by Edmund to William E. Waring, and as to the latter defendant and his wife the complaint must be dismissed. I do not see, however, how I can dismiss the complaint as against Edmund Waring. It certainly states a good cause of action against him for goods sold and delivered.

This motion amounts to a demurrer on the ground that facts sufficient to constitute a cause of action are not stated in the complaint, and the rule in determining such cases is that if all the facts set forth constitute any right to relief the demurrer must be overruled. The cause, however, should not be tried

Sloan *et al.* agt. Waring *et al.*

at special term, it belongs to the circuit. The complaint is, therefore, dismissed as to William E. Waring and wife, but the motion as to Edmund Waring is denied, and the issue raised by the pleadings as to his indebtedness to the plaintiffs is directed to be tried at the circuit. William E. Waring and wife are entitled to their costs.